UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**NASIR BORISOV,**

    **Plaintiff,**

v.                                                                                                                                                        Civ. No. 25-1315 JB/GJF

**DORA CASTRO, Warden, Otero
Processing Center, et al.,**

    **Defendants.**

## ORDER DIRECTING SERVICE

THIS MATTER is before the Court *sua sponte* after referral from the presiding judge.

The Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") permit district courts to "apply any or all of these rules to a habeas corpus petition not covered [under 28 U.S.C. § 2254]." Rule 1(b), U.S. R. Gov'g 2254 Cases. *See also Boutwell v. Keating*, 399 F.3d 1203, 1210-11 n.2 (10th Cir. 2005) (noting that Section 2254 Rule 1(b) grants district courts discretion to apply the Section 2254 Rules to § 2241 petitions). Rule 4 of the Section 2254 Rules requires the clerk of the court to "serve a copy of the petition and any order on the respondent" once the court orders "the respondent to file an answer, motion, or other response within a fixed time." Rule 4, U.S. R. Gov'g 2254 Cases. To ensure service is perfected and that the matter can be heard on the merits as soon as possible, the Court will exercise its discretion in applying Section 2254 Rule 4 to this matter. Accordingly, the Court hereby directs the Clerk of the Court to serve the Defendants in accordance with this Order as set forth below.

In addition, Petitioner has filed his Petition and other docket entries under seal. [Dkt. Nos. 1-4]. Given the "strong presumption in favor of public access" to court records, parties seeking to file a document or categories of documents under seal must seek leave of the Court. *United States*

*v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (citation omitted).  In support of such a motion, the movant must demonstrate that there is "some significant interest that outweighs the presumption" of public access. *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation omitted).

Accordingly, Petitioner must file a motion articulating the basis for imposing a seal and to which documents or categories of documents the seal should apply. *United States ex rel. Schroeder v. Hutchinson Reg'l Medical Ctr.*, 777 F. Supp. 3d 1256, 1288 (D. Kan. 2025) ("[W]hen documents inform the court's decision-making process, the movant must articulate a real and substantial interest that justifies depriving the public of access.") (internal citations and quotations omitted)). Alternatively, if there are insufficient grounds to warrant a seal, Petitioner must re-file unsealed versions of the documents previously filed under seal, with any necessary redactions in accordance with Fed. R. Civ. P. 5.2(a).

**IT IS THEREFORE ORDERED** that the Clerk of the Court must serve copies of the Petition, the motion for temporary restraining order, and Petitioner's other filings (Dkt. Nos. 1-4) as well as this Order by certified mail upon:

1)  U.S. Attorney's Office, Attn: Civil Process Clerk, 201 3rd Street NW, Suite 900, Albuquerque, NM 87102;

2)  Kristi Noem, Secretary of Homeland Security, Attn: Office of the General Counsel, U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Ave SE, Washington, DC 20528-0485;

3)  Todd Lyons, Senior Official Performing the Duties of the Director, Attn: U.S. Immigration and Customs Enforcement, Office of the Principal Legal Advisor, 500 12th St. SW, Mail Stop 5900, Washington, DC 20536-5900;

   4)  Mary De Anda-Ybarra, Field Office Director, El Paso Field Office, Attn: U.S. Immigration and Customs Enforcement, Office of the Principal Legal Advisor, 500 12th St. SW, Mail Stop 5900, Washington, DC 20536-5900;

   5)  Dora Castro, Warden, Otero County Processing Center, 26 McGregor Range Rd., Chaparral, NM 88081-7753; and

   6)  Pam Bondi, U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530-0001.

   **IT IS FURTHER ORDERED** that Defendants shall respond to the Petition (Dkt. No. 1) and the Motion for Temporary Restraining Order (Dkt. No. 3) not later than ten (10) days after being served. Petitioner may file replies (or notices waiving the right to file such replies) not later than ten (10) days after the responses are filed.

   **IT IS FURTHER ORDERED** that no later than January 12, 2026, Petitioner must either file a motion articulating a real and substantial interest that justifies depriving the public of access, or refile the documents previously filed under seal.

                  _____
                  THE HONORABLE GREGORY J. FOURATT
                  UNITED STATES MAGISTRATE JUDGE