# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

NAZIR BORISOV,

     Petitioner,

vs.                             No. CIV 25-1315 JB/GJF

DORA CASTRO, Warden, Otero Processing
Center; MARY DE ANDA-YBARRA, Field
Office Director, El Paso Field Office, United
States Immigration and Customs Enforcement;
TODD M. LYONS, Acting Director, United
States Immigration and Customs Enforcement;
KRISTI LYNN NOEM, Secretary of Homeland
Security; PAMELA JO BONDI, Attorney General
of the United States, in their official capacities,

     Respondents.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 6, 2026 (Doc. 25)("PFRD"); (ii) the Federal[1] Respondents' Objections to the Proposed Findings and Recommended Disposition, filed April 20, 2026 (Doc. 26)("Objections"); and (iii) the Petitioner's Objections to the Proposed Findings and Recommended Disposition, filed April 20, 2026 (Doc. 27)("Borisov Objections"). Pursuant to rule 72(b) of the Federal Rule of Civil Procedure, the Court conducts a de novo review of the record and all parts of the Magistrate Judge's PFRD to which the Federal Respondents, Mary De

---

[1] The Federal Respondents file Objections. See U.S. Objections at 1. Respondent Dora Castro, Warden of the Otero County Processing Facility where the Federal Respondents hold Borisov, does not file Objections. She previously notifies the Court that "she takes no positions separate from the USA Respondents related to the Petition." Notice of Compliance with Order [Doc. 8] and Joinder in USA Respondents' Forthcoming Claims and Defenses at 1, filed January 21, 2026. Accordingly, the Court will refer to the Federal Respondents' when referencing Mary De Anda-Ybarra, Todd M. Lyons, Kristi Lynn Noem, and Pamela Jo Bondi; and the Court will refer to Respondents when the reference includes Dora Castro.

Anda-Ybarra, Todd M. Lyons, Kristi Lynn Noem[2], and Pamela Jo Bondi[3], and Petitioner Nazir Borisov properly object.  Having considered thoroughly the PFRD, the Objections, and the Borisov Objections, the Court concludes that: (i) it overrules in part and sustains in part the Objections; (ii) the Court overrules the Borisov' Objections; (iii) the Court adopts in part the PFRD; (iv) the Court grants in part and denies in part the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)("Petition"), that Borisov files on December 30, 2025; (v) grants in part and denies in part the Federal Respondents' Motion to Dismiss Petition for a Writ of Habeas Corpus, filed January 20, 2026 (Doc. 11)("MTD"); and (vi) denies as moot the Notice of Motion and Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction; Memorandum of Points and Authorities, filed December 30, 2025 (Doc. 3)("Motion").

**LAW REGARDING OBJECTIONS TO THE PFRD**

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement.").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de

---

[2] As of March 31, 2026, Noem is no longer the Secretary of Homeland Security.  See Trump Ousts Noem as Homeland Security Secretary, https://www.nytimes.com/live/2026/03/05/us/trump-news (last visited April 9, 2026).

[3] As of April 2, 2026, Bondi is no longer the U.S. Attorney General.  See Pam Bondi Out As Attorney General, https://www.politico.com/news/2026/04/02/pam-bondi-attorney-general-justice-department-00855413 (last visited April 9, 2026).

novo any part of the Magistrate Judge's disposition that has been properly objected to.   The

district judge may accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions."   Fed. R. Civ. P.

72(b)(3).   Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus

attention on those issues -- factual and legal -- that are at the heart of the parties' dispute."   United

States v. One Parcel of Real Prop., with Bldgs, Appurtenances, Improvements, & Contents,

Known as: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One

Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).    As the United States Court of

Appeals for the Tenth Circuit notes, "the filing of objections advances the interests that underlie

the Magistrate's Act[, 28 U.S.C. §§ 631-39], including judicial efficiency."   One Parcel, 73 F.3d

at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit holds "that a party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."   One Parcel, 73 F.3d at 1060.   "To further advance the

policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s]

adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the

magistrate's findings or recommendations waives appellate review of both factual and legal

questions.'"   One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659

(10th Cir.1991)).   "[O]nly an objection that is sufficiently specific to focus the district court's

attention on the factual and legal issues that are truly in dispute will advance the policies behind

the Magistrate's Act."   One Parcel, 73 F.3d at 1060.   In addition to requiring specificity in

objections, the Tenth Circuit states that "[i]ssues raised for the first time in objections to the

magistrate judge's recommendation are deemed waived."   Marshall v. Chater, 75 F.3d 1421, 1426

(10th Cir. 1996).   See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this

circuit, theories raised for the first time in objections to the magistrate judge's report are deemed

waived.").   In an unpublished opinion, the Tenth Circuit states that "the district court correctly held

that [a plaintiff] had waived argument by failing to raise it before the magistrate."   Pevehouse v.

Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[4]

The Tenth Circuit also notes, "however, that '[t]he waiver rule as a procedural bar need

not be applied when the interests of justice so dictate.'"   One Parcel, 73 F.3d at 1060 (quoting

Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have

declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's

order does not apprise the pro se litigant of the consequences of a failure to object to findings

---

[4] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on a Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit states:

In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue and assists the Court in its disposition of this Memorandum Opinion and Order.

and recommendations.")).   In <u>One Parcel</u>, the Tenth Circuit notes that the district judge decides sua sponte to conduct a de novo review despite the objections' lack of specificity, but the Tenth Circuit holds that it deems the issues waived on appeal, because such actions would advance the interests underlying the waiver rule.   <u>See</u> 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elects to address merits despite potential application of waiver rule, but Courts of Appeals opts to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." <u>United States v. Raddatz</u>, 447 U.S. 667, 674 (1980)("<u>Raddatz</u>").   The Tenth Circuit states that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation."   <u>In re Griego</u>, 64 F.3d 580, 583-84 (10th Cir. 1995).   The Supreme Court of the United States notes that, although a district court must make, under 28 U.S.C. § 636(b)(1), a de novo determination of the objections to recommendations the district court may rely on the  Magistrate Judge's PFRD.   <u>See</u> <u>Raddatz</u>, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings  and recommendations.")(quoting 28 U.S.C. § 636(b)(1)).   <u>See</u> <u>Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.</u>, 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate.'" (quoting 28 U.S.C. § 636(b)(1))(emphasis in <u>Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens</u>

Cnty., Okla. but not in the statute)).

## ANALYSIS

The Court carefully reviews de novo the PFRD, the Objections, and the Borisov Objection. The Court concludes that: (i) it overrules in part and sustains in part the Objections; (ii) the Court overrules the Borisov' Objections; (iii) and the Court adopts in part the PFRD. First, the Court sustains in part the Objections. Because the Respondents detain Borisov for approximately seven months, the Court determines that the Respondents do not violate Borisov's procedural due process rights. Accordingly, the Court sustains the Objections to the PFRD's recommendation that the Court find a violation of procedural due process. See Objections at 4. The Court overrules, however, the Respondents Objections that: (i) that executive branches history is irrelevant, see Objections at 1-2; (ii) that Borisov's criminal history is irrelevant, see Objections at 2; (iii) that the Court does not have jurisdiction, see Objections at 2-3; (iv) that the Court relax the exhaustion requirement because of futility, see Objections at 3; and (v) that Borisov's detention violates the INA, see Objections at 3-4, because the PFRD's recommendations are not arbitrary, obviously contrary to law, or an abuse of discretion. Second, the Court overrules the Borisov Objections, because the PFRD's recommendations, concerning immediate release, see Borisov Objections at 1-4, and the burden at the bond hearing, see Borisov Objections at 4, are not arbitrary, obviously contrary to law, or an abuse of discretion. Finally, the Court rejects in part the PFRD's recommendation that the Court find a procedural due process violation, and it adopts in part the PFRD's recommendations that the Court: (i) deny the Motion; (ii) grant in part and deny in part the MTD; (iii) grant in part and deny in part the Petition; (iv) accept jurisdiction over this matter; (v) issue a writ of habeas corpus requiring the Respondents to provide the Borisov with an individualized bond hearing before an immigration judge to be held within seven days; (vi) declare

that the Respondents' detention of Borisov for months without a bond hearing a violation of the INA; (vii) enjoin Borisov's transfer outside the District of New Mexico until this habeas petition is decided or a final order of removal is filed, whichever comes first; (viii) deny Borisov's request for a show cause order within three days and a hearing within five days; (ix) deny Borisov's request for immediate release; (x) deny Borisov's request to require the Respondents to bear the burden justifying his continued detention; (xi) deny Borisov's requests to declare that his arrest violates the Due Process Clause, the Fourth Amendment, the Administrative Procedures Act ("APA"); (xii) deny Borisov's request to declare that his detention under the INA violates the Fourth Amendment and the APA; (xiii) deny Borisov's request to enjoin his deportation; (xiv) deny Borisov's request to enjoin Respondents from re-detaining him unless his re-detention is ordered at a custody hearing before a neutral arbiter in which the Respondents bear the burden of providing by clear-and-convincing evidence that Borisov is a flight risk or danger to the community; and (xv) deny Borisov's request to "[s]et aside Respondents' unlawful practice pursuant to 5 U.S.C. § 706(2)."

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 6, 2026 (Doc. 25), is adopted in part and rejected in part; (ii) the Petitioner's Notice of Motion and Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction; Memorandum of Points and Authorities (Doc. 3), is denied; (iii) the Federal Respondents' Motion to Dismiss Petition for a Writ of Habeas Corpus (Doc. 11), is granted as to the request to dismiss Counts Three and Four, and denied as to the request to dismiss Counts One and Two; (iv) the Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1), filed December 30, 2025, is granted in part and denied in part; (v) the Petition for Writ of Habeas Corpus is granted as to Counts One and Two, and denied as to Counts Three and Four; (vi) the Court accepts jurisdiction over this matter; (vii) the Court issues a writ of habeas corpus requiring the

Respondents to provide the Petitioner with an individualized bond hearing before an immigration judge to be held within seven days; (viii) the Court declares that the Respondents' detention of the Petitioner for months without a bond hearing violates the Immigration and Nationality Act ("INA"); (ix) and procedural due process; (x) the Court enjoins the Petitioner's transfer outside the District of New Mexico until this habeas petition is decided or a final order of removal is filed, whichever comes first; (xi) the Petitioner's request for a show cause order within three days and a hearing within five days is denied; (xii) the Petitioner's request for immediate release is denied; (xiii) the Petitioner's request to require the Respondents to bear the burden justifying his continued detention is denied; (xiv) the Petitioner's requests to declare that his arrest violates the Due Process Clause, the Fourth Amendment, the Administrative Procedures Act ("APA"), and the INA and to declare that his detention violates the Fourth Amendment and the APA are denied; (xv) the Petitioner's request to enjoin his deportation is denied; (xvi) Petitioner's request to enjoin Respondents from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter in which the Respondents bear the burden of providing by clear-and-convincing evidence that Petitioner is a flight risk or danger to the community is denied; and (xvii) the Petitioner's request to "[s]et aside Respondents' unlawful practice pursuant to 5 U.S.C. § 706(2)" is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Inna Parizher
Law Office of Inna Parizher
Los Angeles, California

　　*Attorneys for the Petitioner*

Christina Muscarella Gooch
Sutin, Thayer & Browne
Albuquerque, New Mexico

-- and --

Peter Haynes
DOJ-USAO
Albuquerque, New Mexico

*Attorneys for Respondent Dora Castro, Warden, Otero Processing Center*

Peter Haynes
DOJ-USAO
Albuquerque, New Mexico

*Attorneys for Respondents, Mary De Anda-Ybarra Field Office Director, El Paso Field office, United States Immigration and Customs Enforcement, Todd M. Lyons Acting Director, United States Immigration and Customs Enforcement, Kristi Lynn Noem Secretary of Homeland Security, Pamela Jo Bondi Attorney General of the United States, in their official capacities*